IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| GILIA WILDER, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 7:21-cv-01480-LSC |
| | ) | |
| GENIE HEALTHCARE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum of Opinion

Defendants removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.). The diversity of the remaining parties has never been in dispute—the plaintiffs are both Alabama citizens, (Doc. 1-1 at 8), and the two remaining defendants are not. (*Id.* at 8-9). However, ten-months have passed since removal, and none of the parties have sufficiently demonstrated to the Court that the amount in controversy requirement was satisfied. Giving them a final chance to do so, the Court entered an Order on August 26, 2022 for both parties "to appear in writing and demonstrate how the amount in controversy requirement necessary for diversity jurisdiction is satisfied in this case." (Doc. 37).

Plaintiffs filed their response on August 31, arguing the amount in controversy was approximately $50,000 and explaining why. (Doc. 38). Defendants filed their response jointly on September 6, (Doc. 40), reiterating nearly verbatim the same two arguments it proffered in their Notice of Removal. These two arguments are insufficient to show that the requisite amount in controversy was present at the time of filing and removal. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case and it *sua sponte* REMANDS the case to Circuit Court of Tuscaloosa County, Alabama, pursuant to 28 U.S.C. § 1447(c). *Id.* ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## I. Background[1]

Plaintiff Gilia Wilder ("Wilder") is a traveling nurse. (Doc. 1-1 at 9). Plaintiff Patrick Warren is her husband. (*Id.*). Defendants Genie and Aya are both healthcare staffing organizations. (*Id.* at 8). At the time of the present dispute, DCH Hospital hired Aya to provide it with traveling nurses, (Doc. 25 Ex. 2), a task which Aya then subcontracted to Genie. (Doc. 16 Ex. 2, titled "SUBCONTRACTING AGREEMENT").

---

[1] For a more comprehensive factual and procedural history of this case, see this Court's previous Memorandum of Opinion and Order. (Doc. 33).

In January of 2021, Wilder entered a contract to work at Druid City Hospital ("DCH") in Tuscaloosa, Alabama for 13 weeks (hereinafter "the DCH contract"). (Doc. 1-1 at 9). Five weeks into the 13-week duration of the DCH contract, Wilder's Genie recruiter informed her that DCH had canceled the contract because, to Wilder's surprise, DCH never received the contract. (*Id.* at 10). DCH later told Wilder that the contract had been sent to the wrong party and that DCH caught the mistake too late to rectify it. (*Id.*).

As a result of the cancellation of the DCH contract, Wilder became unemployed immediately and without warning. (*Id.* at 5). Because a clause in her contract with Genie prohibited Wilder from working at DCH for 12 months after her contract ended, Wilder began commuting to Atlanta, Georgia for work. (*Id.* at 10). She began working at a hospital there on March 22, 2021, after being unemployed since March 5. (*Id.* at 11). Her salary in Atlanta was lower than the $93 an hour she received while working at DCH. (*Id.*).

After sending a demand letter to Genie on April 22, 2021, (Doc. 40, Ex. A)(hereinafter "Demand Letter"), Plaintiffs filed this action against Aya and Genie, among other defendants, in the Circuit Court of Tuscaloosa County, Alabama on September 29, 2021. (*See* Doc. 25-1). The Defendants collectively

removed the case to this Court on November 5, 2021, invoking the Court's diversity jurisdiction. (Doc. 1).

## II. STANDARD OF REVIEW

This Court, like all federal courts, is a court of "limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). Diversity jurisdiction exists if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). If the asserted basis for such a removal is diversity jurisdiction, the amount in controversy for diversity jurisdiction purposes is typically "the sum demanded in good faith in the initial pleading." 28 U.S.C.A. § 1446(c)(2). However, for diversity cases where "the initial pleading seeks . . . a money judgement but the State practice either does not permit demand for a

specific sum or permits recovery of damages in excess of the amount demanded," the amount in controversy is the amount stated in the notice of removal, if that amount is demonstrated by a preponderance of the evidence. *Id.* at (c)(2)(A and B). Alabama practice "permits recovery of damages in excess of the amount demanded." *See* Ala. R. Civ. P. 54 ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

### III. Discussion

Defendants proffer two arguments regarding the amount in controversy—one based on the Demand Letter, (Doc. 40 at 2), and another based on the Plaintiffs' complaint. (Doc. 40 at 5). The Court considers each in turn.

**A. Damages According to Plaintiffs' Demand Letter**

Plaintiff sent the Demand Letter to the Defendants requesting more than $200,000. (Doc. 40 at 2). It was sent on April 22, 2021, nearly five months before this suit was originally filed in state court, and approximately seven months before

it was removed. (*See* Doc. 1, Ex. A). Defendants claim this Demand Letter is sufficient by itself to demonstrate the amount in controversy. (Doc. 40 at 2).

Defendants cited no binding authority supporting that argument. In fact, the only Eleventh Circuit case the Defendants cited to merely stated, in dicta, that a plaintiff's *post-removal* settlement offer "*may not be determinative*, [but] counts for something" while holding "[t]he case should have been remanded to state court." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)(emphasis added).[2] However, even if the Court did go against the authority cited by the Defendants and treated the Demand Letter to be determinative of the amount in controversy, it would only hurt the Defendants' position.

In the Demand Letter, provided to the Court by the Defendants, Plaintiffs' counsel itemized seven losses. The first six amount to approximately $50,000. (*See* Doc. 40, Ex. A). The seventh item, labeled "Pain and Suffering," carries the day for Defendants' amount in controversy argument, as it is equal to approximately $150,000. (*See id.*). That reliance on "Pain and Suffering" damages is the argument's fatal flaw. Before explaining why, however, the Court notes that what

---

[2] *See also Bankhead v. American Suzuki Motor Corp.*, 529 F.Supp. 2d 1329, 1334-35 (M.D. Ala. 2008) (considering settlement demand letter "sent . . . seven months after the removal of the litigation to federal court" as evidence of amount in controversy).

the Plaintiffs referred to as "Pain and Suffering" in the Demand Letter appears to actually be referring to damages for mental anguish.[3]

It is legally impossible for Plaintiffs to recover mental anguish damages through any of their causes of action. Plaintiffs have asserted claims of negligence, breach of contract, reliance on contractual promise, intended beneficiary, and breach of fiduciary duty. Damages for mental anguish are sometimes available through claims of negligence[4] and breach of contract[5] under Alabama law, but

---

[3]  This reading of the Demand Letter is the most generous towards the Defendants' argument, as actual pain and suffering damages do not make sense in this case. *See Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 544 (1994) ("pain and suffering . . . are . . . terms [that] traditionally 'have been used to describe sensations stemming directly from a physical injury or condition.'") (citation omitted). Additionally, this reading makes sense in context, as Plaintiff's complaint uses the phrase "mental anguish" four times and "pain and suffering" only once.

[4]  Negligence claims under Alabama law may seek damages for mental anguish in two situations: where the plaintiff is physically injured by the defendant's negligence and "when the plaintiff is placed in a zone of danger by the defendant's negligent conduct." See ALA. L. DAMAGES § 36:6 (6th ed.) (collecting sources). Because the Plaintiffs in this case were neither injured nor placed in danger, they cannot recover damages for mental anguish through their negligence claim. *See also AALR, Ltd., Inc. v. Francis*, 716 So.2d 1141 (Ala. 1998) (citing 5 Alabama cases since 1990 holding that negligent infliction of emotional distress "does not exist in Alabama.").

[5]  Claims for breach of contract claims and similar contract law-related claims under Alabama Law generally cannot seek damages for mental anguish. See ALA. L. DAMAGES § 17:1 (6th ed.) (collecting sources). The sole exception to this general rule is "where the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering." *B & M Homes, Inc. v. Hogan*, 376 So.2d 667, 671 (Ala.1979) (quoting earlier cases). The most common application of this exception allows plaintiffs to recover damages for mental anguish caused by the breach of certain contracts involving a person's primary home. *See e.g.*, *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001). The contractual duties at issue in this case are in no way similar to the cases applying this exception.

these types of cases are the exception rather than the rule, and Plaintiffs' claims are unexceptional in this regard.

Regarding Plaintiffs' claims for breach of fiduciary duty, the parties have not made the Court aware of any Alabama Supreme Court case or statute remotely indicating that claims for breach of fiduciary duty may seek damages for mental anguish. However, due to the similarity of claims for breach of contract, negligence, and breach of fiduciary duty,[6] and the Alabama Supreme Court's demonstrated reluctance to allow claims of negligence or breach of contract to entitle plaintiffs to damages for mental anguish, it is highly unlikely the Alabama Supreme Court would allow recovery for mental anguish damages in breach of fiduciary duty claims.[7]

### B. Damages According to Plaintiffs' Complaint

The Defendants' alternative argument is based on the complaint. According to this argument, "Plaintiffs seek damages in the form of lost wages, . . . a lost

---

[6] *See Baldwin v. Panetta*, 4 So. 3d 555, 558 (Ala. Civ. App. 2008) ("The owners' negligence, breach-of-fiduciary-duty, and money-paid-not-owed counterclaims stated legal theories of recovery different from their breach-of-contract counterclaim, but all those counterclaims arose out of the same acts, were proved by the same evidence, and constituted, in effect, the same claim for relief.").

[7] In addition to the unlikelihood that Plaintiffs can recover for mental anguish damages through their breach of fiduciary duty claim, there is the additional unlikelihood that Plaintiffs can state a claim for breach of fiduciary duty at all, a point thoroughly briefed by the Defendants. (*See* Doc. 14 at 15-16).

bonus, added travel expenses to Georgia, the cost of fertility treatments, loss of consortium, other emotional or mental anguish damages, and punitive damages." (Doc. 40 at 5).[8] The first four of these damages amount to approximately $50,000, as the Defendants knew from both the Demand Letter and Complaint itself. Defendants' argument based on Plaintiffs' complaint thus runs into a similar issue as their argument based on the Demand Letter: Without additional damages for loss of consortium, mental anguish, and punitive damages, the amount in controversy is only about $50,000.

As explained above, Plaintiffs cannot recover damages for mental anguish. Further, Plaintiffs cannot recover for loss of consortium because they have not alleged a physical injury. *See Slovensky v. Birmingham News Co.*, 358 So.2d 474, 477 (Ala. Civ. App. 1978)("[A] recovery on consortium is premised upon a physical injury."). Finally, Plaintiffs cannot recover punitive damages through any of their claims. Under Alabama law, punitive damages are only available in two types of civil actions: wrongful death cases and tort actions involving "oppression, fraud,

---

[8] In the Defendants' Joint Statement regarding the amount in controversy, (Doc. 40), the Defendants also allege the Plaintiffs' are seeking punitive damages. Plaintiff's statement regarding the amount in controversy, (Doc. 38), makes no mention of punitive damages—although this could have been due to a typo. *See* (Doc. 38 at 3) ("This amount, of course, is excusive of any *compensatory* damages—which have been requested and which may be awarded by the jury."). Notably, Plaintiff's initial state-filed complaint only used the phrase "punitive damages" once, as the last two words. (*See* Doc. 1 at 13).

wantonness, or malice." *See* Ala. Code § 6-11-20. This is not a wrongful death case and, if there is a viable tort claim at all,[9] it would be simple negligence completely devoid of allegations of oppression, fraud, wantonness, or malice. *See CP & B Enterprises, Inc. v. Mellert*, 762 So.2d 356 (Ala. 2000) ("Punitive damages are not recoverable for simple negligence.") (quotation omitted).

## IV. Conclusion

At the time of original filing in state court as well as at the point of removal, the amount in controversy was less than $75,000. This case is thus due to be remanded to the Circuit Court of Tuscaloosa County, Alabama. Both Aya's and Genie's Motions to Dismiss (Docs. 14 and 16) will be resolved by the state court.

A separate Order consistent with this opinion will be entered.

**DONE** and **ORDERED** on September 8, 2022.

_____
L. Scott Coogler
United States District Judge
211854

---

[9] Another point briefed heavily by the Defendants.